UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| TOMMY PHILLIPS, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Case No. 1:04-cv-353 |
| ) | |
| TENNESSEE HOTEL SUPPLY, ) | Judge Mattice |
| HENRY POSS, JR., BILL EKISS, and ) | |
| MITCH FOGTMAN, ) | |
| ) | |
| *Defendants.* ) | |

## **MEMORANDUM**

Plaintiff Tommy Phillips filed this action against Defendants Tennessee Hotel Supply, Henry Poss, Jr., Bill Ekiss, and Mitch Fogtman, alleging race and age discrimination.

Before the Court is Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 4(m). Plaintiff has not responded to Defendants' motion, and the Court deems Plaintiff to have waived opposition to the motion. E.D.TN. LR 7.2.

For the reasons stated below, Defendants' motion will be **GRANTED**, and Plaintiff's complaint will be **DISMISSED WITHOUT PREJUDICE**.

**I.     BACKGROUND**

Plaintiff filed his complaint on November 16, 2004. The record shows that Mitch Fogtman, Henry Poss, Jr., and Bill Ekiss were each served a summons issued in their respective names on March 25, 2005. Between March 25, 2005, and January 30, 2006, nothing was filed in this case. On January 30, 2006, Defendants filed a motion to dismiss

based on insufficiency of process, insufficiency of service of process, and failure to serve Defendants within 120 days of the filing of the complaint.

## II. ANALYSIS

### A. Rule 12(b)(4) – Insufficiency of Process

Rule 12(b)(4) permits defendants to seek dismissal of a plaintiff's complaint because of the insufficiency of process. Although Defendants do not articulate the basis of their motion under Rule 12(b)(4), the Court gathers from their memorandum and the supporting affidavits that Defendants seek dismissal of the complaint against Tennessee Hotel Supply on the basis of insufficiency of process.

An objection under Rule 12(b)(4) "concerns the form of the process rather than the manner or method of its service. Technically, therefore, a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d ed. 2004). Rule 4(b) requires, *inter alia*, that a "summons . . . be issued for each defendant to be served."

In this case, Defendants assert that a summons was never issued in the name of "Tennessee Hotel Supply." Although unarticulated in the memorandum, Defendants' argument is apparently that any summons issued in the name of the individual defendants was not sufficient to serve as a summons for Tennessee Hotel Supply and that, as a result, no summons was issued in accordance with Rule 4(b).

Defendants are correct that no summons was issued in the name of "Tennessee Hotel Supply." The three summonses in the record were issued in the names of "Bill Ekiss"

-2-

(Court Doc. No. 2), "Mitch Fogtman" (Court Doc. No. 3), and "Henry Poss, Jr." (Court Doc. No. 4).

Because no summons has been issued for Tennessee Hotel Supply, Defendants are correct that process as to Tennessee Hotel Supply is insufficient. Accordingly, Plaintiff's complaint against Tennessee Hotel Supply is subject to dismissal pursuant to Rule 12(b)(4).

### B. Rule 12(b)(5) – Insufficiency of Service of Process

Rule 12(b)(5) permits defendants to seek dismissal of a plaintiff's complaint because of the insufficiency of service of process. Defendants argue that Plaintiff's service of Ekiss, Fogtman, and Poss was insufficient because they did not receive a copy of the complaint with the summons.

Rule 4(c) requires that the "summons . . . be served together with a copy of the complaint." Further, "[t]he plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m)." Fed. R. Civ. P. 4(c). In this case, Defendants Ekiss, Fogtman, and Poss acknowledge receipt of a summons, but they state that they did not receive a copy of the complaint either with the summons or thereafter. (Court Doc. No. 7-2, Ekiss Aff. ¶¶ 4-5; Court Doc. No. 7-3, Poss Aff. ¶¶ 5-6.) Plaintiff has not provided any evidence to the contrary. As a result, it is clear that the complaint was not properly served under Rule 4(c).

Accordingly, Plaintiff's complaint against Defendants Ekiss, Fogtman, and Poss is subject to dismissal pursuant to Rule 12(b)(5).

### C. Rule 4(m) – Time Limit for Service

-3-

Defendants also argue that, apart from any objections or defenses they may be entitled to assert under Rule 12, the complaint must be dismissed because Plaintiff failed to serve a summons and a copy of the complaint on each Defendant within the time limit allowed by Rule 4(m).

Rule 4(m) states that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." The Advisory Committee's Notes on Rule 4(m) indicate that the rule requires a court to allow additional time for service if there is good cause for the plaintiff's failure to effect service within the prescribed 120 days and permits a court to allow additional time for service even in the absence of good cause.

In this case, Plaintiff's complaint was filed on November 16, 2004. As explained above, as of January 30, 2006, Plaintiff had not yet effected proper service of a summons and a copy of the complaint on any of the Defendants, and there is no indication in the record that proper service has been effected since January 30, 2006. Plaintiff's 120-day time limit under Rule 4(m) has long expired. Plaintiff has made no attempt to show good cause for his failure to effect service within the time allowed.

As noted above, under Rule 4(m), the Court is permitted to allow additional time for service even in the absence of good cause. Although Plaintiff is acting *pro se* in this matter, which normally results in somewhat more lenient treatment by the Court, the Court does not believe this is an appropriate case in which allow additional time for service. First, Plaintiff's initial defective attempts at service were outside the 120-day time limit: Plaintiff's

120 days expired on March 16, 2005, but Plaintiff did not attempt to serve Defendants Ekiss, Fogtman, and Hoss until March 25, 2005. Second, more than one year has elapsed since Plaintiff's initial defective attempts at service, and Plaintiff has failed to take any action to effect proper service on the Defendants.

Accordingly, Plaintiff's complaint against Tennessee Hotel Supply, Ekiss, Fogtman, and Poss is subject to dismissal pursuant to Rule 4(m).

### III. CONCLUSION

Pursuant to Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 4(m), Defendants' Motion to Dismiss will be **GRANTED**, and Plaintiff's complaint will be **DISMISSED WITHOUT PREJUDICE**.

A separate order will enter.

    *s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE